PER CURIAM.
The Director of the Division of Taxation appeals the Tax Court’s determination that books sold and distributed in New Jersey by respondent Random House, Inc. from 1993 through 2000 did not constitute “litter-generating products” subject to the since-repealed litter control tax under N.J.S.A. 13:1E-99.1(a) (repealed by L. 2002, c. 128, § 12). We affirm, substantially for the reasons set forth in Tax Court Judge Harold Kuskin’s comprehensive opinion of September 13, 2005 reported at Random House, Inc. v. Director, Div. of Taxation, 22 N.J.Tax 485 (Tax 2005).
We add only a few comments. As a general matter, we recognize the expertise of the Tax Court in state tax matters and will not disturb its rulings unless it “came to its decision in an arbitrary fashion” or its findings of fact are not “supported by substantial credible evidence.” Little Egg Harbor Twp. v. Bonsangue, 316 N.J.Super. 271, 285, 720 A.2d 369 (App.Div.1998) (citing Glenpointe Associates v. Twp. of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990)). Here, the pertinent underlying facts were stipulated concerning Random House’s book publishing activities in New Jersey and its customary practice of having its books wrapped in disposable cardboard when they were shipped to retailers and distributors. See Random House, supra, 22 N.J.Tax *293 at 487-88. We also are satisfied that it was not arbitrary for Judge Kuskin to determine that Random House’s books, notwithstanding their cardboard packaging, were exempt from the litter control tax statute.
Although we are mindful that the Director posited a more expansive interpretation of the statute, we agree with Judge Kuskin that respondent’s books were not within the intended scope of “paper products and household paper” subject to the litter control tax under N.J.S.A. 13:1E-94(e)(12) (also repealed by L. 2002, c. 128, § 12). In that regard, we note the functional similarity of books, such as those published by respondent, with newspapers and magazines, which the Director acknowledges are exempt from the tax. See N.J.S.A. 13:1E-94(e)(10)(designating only “newsprint and magazine paper stock” within the ambit of the statute) (emphasis added). We concur with Judge Kuskin that the Legislature could not have intended every item composed of paper to be subject to the litter control tax as a “paper product” under subsection (12), for such an interpretation would render the statute’s separate inclusion of “newsprint” and magazine “paper stock” in subsection (10) and of “household paper” in subsection (12) superfluous. See Flexx Petroleum Corp. v. Director, Div. of Taxation, 12 N.J.Tax 1, 12 (Tax 1991)(courts should avoid interpreting legislation in a fashion that renders any part of a statute “inoperative, superfluous or meaningless”).
We also find Judge Kuskin’s analysis is reinforced by the legislative history of the statute, in which the Assembly’s proposed amendment to insert a broad “catch-all” in the Act’s definitional section was eliminated by the Senate before the law was enacted. Compare Assembly Committee Substitute far Assembly No. 2003 (April 29,1985) with L. 1985, c. 533, §§ 2 to 4.
Lastly, we reject as without merit appellant’s contention that the Tax Court improperly read into the statute a subjective legal standard as the trigger for the tax. The Tax Court’s ultimate conclusion that books are not “litter-generating products” within *294 the meaning of the statute is entirely sound, is predicated on objective principles, and comports with common sense.
Affirmed.